Petition for Writ of Mandamus Denied and Memorandum Opinion filed March
29, 2007








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed March 29, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00698-CV

____________

 

IN RE RAPID SETTLEMENTS, LTD., Relator

 

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

Relator
Rapid Settlements, Ltd. has filed a petition for a writ of mandamus requesting
that we direct the trial court to compel arbitration in a dispute involving
real parties Simmie B. King and Settlement Funding, LLC d/b/a Peachtree
Settlement Funding.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004).  Because Rapid
Settlements has not established its right to arbitration, we deny the petition.

                                                         I. 
Factual Background








Rapid
Settlements is a factoring company  that purchases future income streams from
individuals who are entitled to receive future payments, typically as
compensation for the settlement of a personal injury claim.  Rapid Settlements
offers to buy the individual=s future income stream in exchange for an immediate lump sum
payment.  Because of the risks for abuse inherent in such arrangements, most
states, including Texas, have enacted statutes that require court approval of
proposed transfers of settlement funds.  See Tex. Civ. Prac. & Rem.
Code '' 141.001B.007 (Vernon 2005) (detailing the AStructured Settlement Protection Act@).[1]

In this
case, Rapid Settlements offered to purchase a future income stream to which
Simmie King was entitled.  As a result of an earlier settlement, Mr. King was
entitled to receive eighty-three (83) monthly payments in the amount of
$532.50, beginning on September 1, 2009 and ending on July 1, 2016.  The sum of
these payments over time exceeded $44,000.  Rapid Settlements offered an
immediate lump sum of $12,000 to receive these payments.  Mr. King agreed, and
on January 5, 2005, the parties executed an agreement entitled AAmended Transfer Agreement (For
Transfer of Structured Settlement Payments)@ to govern their transaction (ATransfer Agreement@).  The Transfer Agreement contains
an arbitration clause.[2]








Because
Mr. King resides in Georgia, the parties applied to a Georgia court for
approval of the Transfer Agreement, as required by Georgia law.  See
generally Ga. Code Ann. ' 51-12-70 et seq.  The Georgia Court refused to
approve the proposed transfer.  On May 23, 2005, the Georgia court issued a
final order expressly finding that, after considering the evidence, including
Mr. King=s testimony, Athe proposed transfer is not in the
best interest of Mr. King.@  

Mr. King
accordingly entered a second agreement with another company, Settlement
Funding, for the purchase of the same future income stream.  On January 12,
2006, the Georgia Court approved the transfer proposed by Settlement Funding,
expressly finding, among other things, that the proposed transfer Ais fair and reasonable and in the
best interest of [Mr. King] taking into account the welfare and support of his
dependents.@  After Rapid Settlements received notice of this order, Rapid
Settlements began asserting a Aright of first refusal@ that it claimed to have in Mr. King=s future income stream, threatening
to initiate arbitration if it was not permitted to exercise this right.[3]


When Mr.
King did not acquiesce to Rapid Settlements= demand, on January 25, 2006, Rapid
Settlements initiated arbitration in Texas before an arbitrator, Jeffery
Newport, whom Rapid Settlements has allegedly used several times in the past. 
The arbitrator promptly issued an order finding that he had jurisdiction over Mr.
King, Settlement Funding, and all of the future income payments themselves.  He
then issued a scheduling order setting the arbitration for April 25, 2006.








Settlement
Funding and Mr. King both sought to prevent the arbitration from going forward
by seeking temporary restraining orders from Texas district courts.[4] 
Temporary restraining orders were granted and extended, and the two cases were
consolidated.  The hearing on the temporary injunction and Rapid Settlements= motion to compel arbitration was
eventually set for June 2006.  Apparently, at Rapid Settlements= request, the arbitrator also issued
a new scheduling order re-setting arbitration for June 2006.  Because Rapid
Settlements would not agree to stay the arbitration until after a hearing on
the temporary injunction and its own motion to compel arbitration, Settlement
Funding and Mr. King sought emergency relief from the trial court.  The trial
court agreed that emergency relief was warranted and granted an order
restraining Rapid Settlements from conducting any arbitration until it received
an order compelling arbitration from the trial court.  Rapid Settlements filed
its first petition for mandamus, which this court dismissed as moot absent a
ruling from the trial court on the pending motion to compel.     

The
parties returned to the trial court.  After an oral hearing, the trial court
entered an order denying the motion to compel.  Rapid Settlements filed its
second petition for a writ of mandamus, which we address herein.

                                                                   II. 
Analysis








Denials
of motions to compel arbitration under the Federal Arbitration Act are
typically reviewable via a petition for mandamus.  See FirstMerit
Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001).  A party seeking to compel
arbitration by a writ of mandamus must: (1) establish the existence of a
valid agreement to arbitrate under the Federal Arbitration Act (AFAA@), and (2) show that the claims in
dispute are within the scope of the agreement.  In re Kellogg Brown &
Root, Inc., 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding). AWhether a valid arbitration agreement
exists is a legal question subject to de novo review.@  In re D. Wilson Constr. Co.,
196 S.W.3d 774, 781 (Tex. 2006).

Rapid
Settlements is not a stranger to Texas courts.  Two Texas courts have recently
addressed whether Rapid Settlements is entitled to arbitration under
circumstances similar to those in this case.  The Southern District of Texas
enjoined Rapid Settlements from conducting arbitrations that would effect
transfers of settlement rights, portraying Rapid Settlements= strategy as one of using arbitration
to effect the transfer of all or part of the future-payment stream under the
annuities, despite the absence of court approval for such a transfer under the
applicable state structured settlement protection statute.  See Symetra Life
Ins. Co. v. Rapid Settlements Ltd., No. H-05-3167, 2007 WL 114497, at *21B22 (S.D. Tex. Jan. 10, 2007).  The
Beaumont Court of Appeals has also recently ruled that Rapid Settlements may
not obtain rights to structured settlement proceeds by arbitration absent court
approval of its contract.  In re Rapid Settlements, Ltd., 202 S.W.3d
456, 462B63 (Tex. App.CBeaumont 2006, orig. proceeding
[mand. denied])(refusing to order arbitration because Rapid had failed to
obtain court approval under the Settlement Act).  

We agree
with the outcome of these cases: Rapid Settlements may not avoid mandatory state
statutes designed to protect the beneficiaries of structured settlements by
resorting to arbitration.  Although our decision does not rest on these
grounds, we note that this case involves: (1) a non-negotiated arbitration
clause in a form contract that Rapid Settlements drafted, (2) a demand for
arbitration before an arbitrator that Rapid Settlements chose without Mr. King=s input, whom Rapid Settlements has
apparently used on several occasions before, and (3) a process that Rapid has
hurried at every turn, trying to force Mr. King to arbitration notwithstanding
the fact that issues relating to the enforceability of the relevant arbitration
clause were pending in the trial court. 








A
Georgia court has already issued two final orders regarding Mr. King=s settlement proceeds.  That court
unequivocally found that the proposal by Rapid Settlements was not in Mr. King=s best interests and refused to
approve it as such.  It also found that Mr. King=s arrangement with Settlement Funding
was in his best interests, and issued a final order approving the Settlement
Funding arrangement.  Rapid Settlements now tries to force an arbitration that
will revisit one or both of these final rulings.  

Rapid
Settlements claims that it is only trying to enforce a right of first refusal,
which it maintains is still valid.  An examination of its arbitration demand
suggests otherwise.  Rapid Settlements expressly states that it seeks to void
the transaction between Mr. King and Settlement Funding and reinstate its own
transaction with Mr. King.  In addition to this, Rapid Settlements demands that
Mr. King and Settlement Funding be jointly responsible for it attorneys= fees and costs, including the
arbitrator=s fee.  The arbitration demand states:

Rapid
continues to have a valid contract with Mr. King. . . . Rapid therefore seeks
that [sic] the voiding of the transfer between Mr. King and Settlement Funding
. . . and that Rapid, which has invoked [the] contractual right of first
refusal be allowed to consummate its transaction free of Settlement Funding=s interference.  Additionally, Rapid seeks the costs
of these proceedings including Rapid=s
attorneys [sic] fees.

Claimant
seeks an order and judgment against Mr. King and a turnover/garnishment of the
future payments described in the transfer order obtained by Settlement
Funding.  Rapid will pay to Mr. King the called for up-front cash payment . . .
following the entry of the arbitrator=s
award by an appropriate court.  Such amount would be reduced by the other
damages (the costs of these proceedings and Rapid=s attorneys= fees).  In essence the arbitrator is being asked
to specifically enforce the contracts at issue.

In the
alternative, [Rapid] seeks payment of the ten percent penalty called for under
the agreement which should be awarded against both [Mr. King and Settlement
Funding], along with a garnishment and turnover order be [sic] issued in
connection with same.








In all
instances, Rapid requests that the costs of this proceeding including Rapid=s attorneys [sic] fees and the arbitrator=s compensation be assessed against Respondents jointly
and severally.

(January 25, 2006
Arbitration Demand) (emphasis added). 

Rapid
Settlements cannot accomplish in arbitration that which a Georgia court has
already refused to allow as contrary to Mr. King=s best interests.  As the Southern
District of Texas concluded, Rapid cannot use arbitration proceedings to avoid
the applicable state structured settlement protection acts by obtaining
arbitration awards to effect a transfer of structured settlement future payment
rights.  See Symetra, 2007 WL 114497, at *34.  This is particularly true
where, as here, a state court has already issued final orders rejecting the
transfer that Rapid Settlements proposed and accepting the transfer proposed by
Settlement Funding.  See also In re Rapid Settlements, 202 S.W.3d at 461B62 (holding that the agreement is not
effective until the trial court Aapproves the transfer in a final
order,@ because Athe word >transfer= in section 141.004 refers to the
transfer agreement, not just to the payment to the transferee@).

Rapid
Settlements has not established its right to arbitration.  We accordingly deny
the petition for mandamus.     The emergency stay granted on August 14, 2006,
is lifted.          

 

PER
CURIAM

 

 

Petition Denied and Memorandum Opinion filed March 29,
2007. 

Panel consists of
Justices Anderson, Hudson, and Guzman.









            [1]In a recent
decision involving Rapid Settlements, the Southern District of Texas noted that
A[t]he legislatures of forty-three states . . . saw a
potential for abuse in these secondary-market transactions and enacted
paternalistic statutes regulating them.@  Symetra
Life Ins. Co. v. Rapid Settlements, Ltd., No. H-05-3167, 2007 WL 114497, at
*1 (S.D. Tex. Jan. 10, 2007).





            [2]In relevant part,
Rapid Settlements= arbitration clause provides: AAny dispute or disagreement arising under this
Agreement of any nature whatsoever including but not limited to those sounding
in constitutional, statutory, or common law theories as to the performance of
any obligations, the satisfaction of any rights, and/or the enforceability
hereof, shall be resolved through demand by any interested party to arbitrate
the dispute and shall submit the same to a nationally recognized, neutral,
arbitration association for resolution pursuant to its single arbitrator,
expedited rules.@ (Amended Transfer Agreement '11(a).).  

 





            [3]In relevant part,
the Transfer Agreement provides that A[in
consideration of the Transfer Agreement=s
execution, Assignor hereby grants and conveys to Rapid Settlements a ten (10)
day right of first refusal beginning upon Rapid Settlements= receiving actual written notification of an offer to
purchase or otherwise acquire any Periodic Payments, as follows: If Assignor
receives an oral or a written offer to sell, assign, borrow against, pledge or
otherwise encumber any Periodic Payments and Assignor desires to enter into a
transaction involving the sale, assignment, borrowing against, pledging, or
other encumbrance thereof, Assignor agrees to immediately notify Rapid
Settlements in writing: (a) that Assignor has received such an offer; and (b)
describing in detail all terms of said offer along with providing all writings
evidencing such.  Assignor agrees to direct any other purchaser to pay over to
Rapid Settlements ten percent of the amount of Assigned Payments transferred by
Assignor to a person in violation or breach of this para. 10.@ (Transfer Agreement ' 10.).





            [4]This procedural
background is a summary of the procedural rulings that are relevant to Rapid
Settlement=s petition for a writ of mandamus.